IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL BROWN,

        Plaintiff,

v.

OFFICERS J. DELEON and J.E. DEFERVILLE,

        Defendants.

No. 11 C 6292

## **OPINION AND ORDER**

Plaintiff Michael Brown brings this action against defendants J. Deleon and J.E. Deferville, Chicago police officers. Plaintiff alleges that, on November 3, 2009, defendants arrested him without probable cause and thereafter prepared false police reports and fabricated evidence that was used to hold plaintiff in custody. Pursuant to 42 U.S.C. § 1983, plaintiff brings claims of false arrest and false imprisonment. He also brings a supplemental state law claim of malicious prosecution. Presently pending is defendants' motion for summary judgment based on the affirmative defense that plaintiff's claims are untimely. Defendants contend that naming them in the *pro se* Amended Complaint did not relate back to

the filing of the original *pro se* complaint naming "Three Unknown Agents of City of Chicago Police Department." Plaintiff contends the federal claims do relate back and equitable tolling applies to both the federal and state law claims.

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. ***Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.***, 555 U.S. 271, 274 n.1 (2009); ***Malen v. MTD Prods., Inc.***, 628 F.3d 296, 303 (7th Cir. 2010); ***Stokes v. Bd. of Educ. of City of Chicago***, 599 F.3d 617, 619 (7th Cir. 2010). The burden of establishing a lack of any genuine issue of material fact rests on the movant. ***Ponsetti v. GE Pension Plan***, 614 F.3d 684, 691 (7th Cir. 2010); ***Outlaw v. Newkirk***, 259 F.3d 833, 837 (7th Cir. 2001). The nonmovant, however, must make a showing sufficient to establish any essential element for which he will bear the burden of proof at trial. ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986); ***Montgomery v. Am. Airlines, Inc.***, 626 F.3d 382, 389 (7th Cir. 2010). The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. ***Celotex***, 477 U.S. at 324; ***Freundt v. Allied Tube & Conduit Corp.***, 2007 WL 4219417 *2 (N.D. Ill. Nov. 29, 2007); ***O'Brien v. Encotech Constr.***, 2004 WL

609798 *1 (N.D. Ill. March 23, 2004). Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. *See **Lorillard Tobacco Co. v. A & E Oil, Inc.**, 503 F.3d 588, 594-95 (7th Cir. 2007); **Yasak v. Ret. Bd. of Policemen's Annuity & Benefit Fund of Chicago**, 357 F.3d 677, 679 (7th Cir. 2004); **Lampley v. Mitcheff**, 2010 WL 4362826 *6 (N.D. Ind. Oct. 27, 2010). As the Seventh Circuit has summarized:

> The party moving for summary judgment carries the initial burden of production to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." **Logan v. Commercial Union Ins. Co.**, 96 F.3d 971, 978 (7th Cir. 1996) (citing **Celotex Corp. v. Catrett**, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986) (citation and internal quotation omitted)). The moving party may discharge this burden by "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." **Celotex**, 477 U.S. at 325, 106 S. Ct. 2548. Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The nonmovant must do more, however, than demonstrate some factual disagreement between the parties; the issue must be 'material.'" **Logan**, 96 F.3d at 978. "Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute." *Id.* (citation omitted). In determining whether the nonmovant has identified a "material" issue of fact for trial, we are guided by the applicable substantive law; "[o]nly disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary

judgment." ***McGinn v. Burlington Northern R.R. Co.***, 102 F.3d 295, 298 (7th Cir. 1996) (citation omitted). Furthermore, a factual dispute is "genuine" for summary judgment purposes only when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 249, 106 S. Ct. 2505 (1986). Hence, a "metaphysical doubt" regarding the existence of a genuine fact issue is not enough to stave off summary judgment, and "the nonmovant fails to demonstrate a genuine issue for trial 'where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . .'" ***Logan***, 96 F.3d at 978 (quoting ***Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986)).

***Outlaw***, 259 F.3d at 837.

Resolving all genuine factual disputes and drawing all reasonable inferences in plaintiff's favor, the facts before the court on summary judgment are as follows. On November 3, 2009, defendants arrested plaintiff. On November 5, 2009, a judge found probable cause to detain plaintiff and placed him under house arrest. On November 24, 2009, the charges were dismissed by order of *nolle prosequi*. Between November 24, 2009 and June 11, 2010, plaintiff was not incarcerated.

Following the November 24 release, plaintiff soon contacted a number of lawyers, but was unable to obtain representation for a civil lawsuit. Plaintiff

also promptly requested that the Chicago Police Department's Office of Professional Standards try to find the names of the officers who arrested him. Plaintiff was advised to instead contact the 15th District Police Station. Plaintiff pointed out that his arrest was processed at a different Station, but was still told to go to the 15th District. Plaintiff went to the 15th District, but the officers he was told to contact were not there.

Following plaintiff's June 10, 2010 arrest in an unrelated incident, plaintiff was at Cook County Jail. From there, plaintiff sent letters to additional lawyers seeking representation. He also consulted "jailhouse lawyers" who assisted him in filing a Freedom of Information Request that was submitted in December 2010. In response, plaintiff received a copy of both the November 3, 2009 arrest report and a report regarding a separate May 2009 arrest. On the November report, the arresting officers names were redacted, but not on the May report. The report included a statement that plaintiff had a "right of review" by an administrative agency and that judicial review was possible. Plaintiff did not request review nor communicate with the contact person listed on the report.

In January 2011, plaintiff filed a suit related to the May 2009 arrest, naming the specific officers listed in the May arrest report. From participation in

that lawsuit, plaintiff learned that discovery is permitted during a lawsuit. Any legal research he conducted regarding both the first lawsuit and the present case was with the assistance of jailhouse lawyers.

The original Complaint in the present case was received by the court on September 9, 2011. It contains a statement, swearing under penalty of perjury, that it was placed in the mail at Cook County Jail on September 1, 2011, but there is no express statement that sufficient postage was provided. *Cf.* Fed. R. App. P. 4(c)(1); Rules Governing § 2254 Cases R. 3(d). For present purposes, however, it is immaterial whether the suit is considered to have been filed on September 1 or September 9. The original Complaint identified as defendants "Three Unknown Agents of City of Chicago Police Department."

In an order dated October 6, 2011, plaintiff was granted leave to proceed *in forma pauperis*. Plaintiff received a copy of the order. The order provided in part:

> Plaintiff should be aware that he cannot obtain damages from any defendant unless he serves them (or obtains waivers of service) in accordance with Fed. R. Civ. P. 4. In turn, he cannot obtain service on the John Doe officer defendants, he must determine their names. To facilitate the identification of the Doe defendants, Chicago Police Superintendent Garry McCarthy is added as a defendant solely for the purpose of allowing plaintiff to identify the John Doe officer defendant.

Once an attorney has entered an appearance on Superintendent McCarthy's behalf, the plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the John Doe officer defendants who allegedly violated his constitutional rights. *See* Fed. R. Civ. P. 33. After the plaintiff learns the Doe defendants' identities, he may submit a proposed amended complaint that names the Doe defendants under their actual names. Summonses will then issue for service on the Doe defendants who allegedly injured him and Superintendent McCarthy will be dismissed.

Plaintiff is advised that there is a two-year statute of limitations for his false arrest and false imprisonment claims, a one-year statute of limitations for his malicious prosecution claim, and the respective limitations periods began running in November 2009. [Citations omitted.] Plaintiff must submit a proposed amended complaint naming the identities of the John Doe defendants within the statute of limitations period if he wishes to proceed against them. [Citation omitted.]

The Court recognizes that more than one year has already run since the accrual of the malicious prosecution claim and the two-year limitations period has almost elapsed as to the federal claims. However, the statute of limitations affirmative defense is not clear from the face of the complaint because the police officer names are blacked out of the police report that plaintiff submitted with his complaint. [Citations omitted.] This raises the question of whether plaintiff was prevented from determining the identities of the officer defendants. An inability to identify the proper defendants can toll the statute of limitations in certain circumstances, and so the Court will leave it to defendants to investigate any factual issues related to the statute of limitations affirmative defense if they so desire. [Citations omitted.]

For purposes of summary judgment, plaintiff's statement is accepted as true that he understood this order as meaning that the defendants would be automatically added once their names were provided by McCarthy. Plaintiff also contends that he is "functionally illiterate," but the only support for this is a conclusory statement of plaintiff in an affidavit. He contends there are supporting records, but does not provide them. *Cf. Mayfield v. Quarterman*, 2008 WL 161018 *4 (N.D. Tex. Jan. 17, 2008); *West v. Marshall*, 2009 WL 960749 *3 (C.D. Cal. April 7, 2009). For purposes of summary judgment, defendants do not contest that plaintiff has established that he can "read a little" and does not know how to work a computer. Also, for purposes of summary judgment, it is accepted that plaintiff has significant psychological problems.[1]

On November 22, 2011, defendants' counsel[2] sent plaintiff a copy of the November 3, 2009 arrest report containing the names of the arresting officers. The report was received by plaintiff. On January 19, 2012, defendant McCarthy filed a motion to dismiss for want of prosecution that was noticed for presentation on

---

[1] A more specific description of the problems is provided in documents that have been placed under seal.

[2] The same counsel who represented defendant McCarthy, subsequently filed appearances for Deleon and Deferville when they were added as defendants.

January 26. No one appeared on that date so the motion was continued to March. Additionally, the order stated: "Defendant's motion asserts that he has supplied Plaintiff with the identities of the unknown police officer Defendants. Plaintiff is instructed that he must submit a proposed amended complaint naming these unknown Defendants. This was explained in greater detail in the Court's 10/6/11 screening order. (Dkt. No. 5). The Court is uncertain whether Plaintiff received this order as he was subsequently moved to a new prison. The Clerk is instructed to provide Plaintiff another copy of the 10/6/11 order. (*Id.*). Plaintiff is warned that his case may be dismissed for want of prosecution if he fails to submit a proper proposed amended complaint by 2/23/12."

On January 30, 2012 the court received plaintiff's *pro se* Amended Complaint naming Deleon and Deferville. Plaintiff states that he submitted the Amended Complaint after receiving the January 26 order. The named defendants were served and subsequently answered. In April 2012, counsel was appointed to represent plaintiff.

The parties agree that a two-year limitation period applies to the federal claims and a one-year limitation period applies to the state law claim. This lawsuit was filed more than one year, but less than two years, after the November 2009

arrest and dismissal of charges. The present defendants were not added until more than two years had run. The federal claims would be timely if adding defendants in the Amended Complaint relates back to the filing of the original Complaint. Even if the claims do not relate back, the federal claims can be timely if it is appropriate to apply equitable tolling. The state law claim can only be timely if equitable tolling applies.

Relation back under Fed. R. Civ. P. 15(c)(1)(C) applies if (a) the law providing the applicable limitation period allows it; (b) the amended claim arises out of the same conduct, transaction, or occurrence as the original claim; (c) the new defendant received such notice of the action that it would not be prejudiced; and (d) the new defendant should have known that the action would have been brought against him; (e) "but for a mistake concerning the proper party's identity." *Jackson v. Kotter*, 541 F.3d 688, 695-96 (7th Cir. 2008). The only one of these requirements that defendants contend is not satisfied is that there be a "mistake." Defendants contend that simply not knowing the name or identity of a defendant does not qualify as a mistake under this Rule.

Prior to 2010, Seventh Circuit cases had held that "[a] plaintiff's lack of knowledge about a defendant's identity is not a 'mistake' within the meaning of

Federal Rule of Civil Procedure 15(c) such that the plaintiff could amend his complaint outside the statute of limitations period upon learning the defendant's identity." *Gomez v. Randle*, 680 F.3d 859, 864 n.1 (7th Cir. 2012) (*dictum*) (citing *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir.1998)). *See also Todd v. Lake Cnty. Sheriff's Dep't*, 2013 WL 2156470 *4 & n.5 (N.D. Ind. May 17, 2013). In *Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485 (2010), the Supreme Court changed the focus of Rule 15(c)(1)(C) away from the conduct and knowledge of the plaintiff and instead focused on what the defendant knew or should have known and any prejudice suffered by the defendant. As noted by the Seventh Circuit.

> [T]he Supreme Court in *Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485 (2010), changed what we and other courts had understood . . . to be the proper standard for deciding whether an amended complaint relates back to the date of the filing of the original complaint.
> 
> \* \* \*
> 
> [T]he Supreme Court's decision in *Krupski*, hewing closely to the language of Rule 15(c)(1)(C), has cut the ground out from under the district court's decision. *See also United States ex rel. Miller v. Bill Harbert Int'l Construction, Inc.*, 608 F.3d 871, 885 (D.C. Cir. 2010) (per curiam); *Abdell v. City of New York*, 759 F. Supp. 2d 450, 455-59, 2010 WL 5422375, at *4-7 (S.D.N.Y. Dec. 22, 2010). The only two inquiries that the district court is now permitted to make in deciding whether an amended complaint relates back to the date of the original one are, first, whether the

defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself. "A potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose--unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were." ***Rendall-Speranza v. Nassim***, 107 F.3d 913, 918 (D.C. Cir. 1997); *see* ***Wood v. Worachek***, 618 F.2d 1225, 1230 (7th Cir. 1980); ***Locklear v. Bergman & Beving AB***, 457 F.3d 363, 366-67 (4th Cir. 2006).

***Joseph v. Elan Motorsports Techs. Racing Corp.***, 638 F.3d 555, 559-60 (7th Cir. 2011).

In ***Krupski***, the Supreme Court discussed what is meant by "mistake" as used in Rule 15(c)(1)(C), and included "inadequate knowledge" as a type of mistake.

> Information in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity. For purposes of that inquiry, it would be error to conflate knowledge of a party's existence with the absence of mistake. A mistake is "[a]n error, misconception, or misunderstanding; an erroneous belief." *Black's Law Dictionary* 1092 (9th ed. 2009); *see also Webster's Third New International Dictionary* 1446 (2002) (defining "mistake" as "a misunderstanding of the meaning or implication of something;" "a wrong action or

> statement proceeding from faulty judgment, *inadequate knowledge,* or inattention;" "an erroneous belief;" or "a state of mind not in accordance with the facts"). . . . The only question under Rule 15(c)(1)(C)(ii), then, is whether party A knew or should have known that, absent some mistake, the action would have been brought against him.

130 S. Ct. at 2493-94 (emphasis added). The Court further stated: "When the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of *a fully informed decision* as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met." *Id.* at 2496 (emphasis added).

Subsequent to **Krupski**, district courts in the Seventh Circuit (and other circuits having similar prior case law) have been split as to whether lack of knowledge of a defendant's identity satisfies the mistake requirement. *See Todd,* 2013 WL 2156470 at *4 n.5; *Solivan v. Dart,* 897 F. Supp. 2d 694, 700-02 (N.D. Ill. 2012). Subsequent to *Krupski,* the only Seventh Circuit case that has reached the issue is not controlling because unpublished and it does not consider the impact of *Krupski* in continuing to apply the old lack of knowledge rule.

See **Flournoy v. Schomig**, 418 F. App'x 528, 532 (7th Cir. 2011).[3] An unpublished Sixth Circuit case expressly considers **Krupski** and holds mere lack of knowledge of a defendant's identity does not qualify as a mistake under Rule 15(c)(1)(C). **Smith v. City of Akron**, 476 F. App'x 67, 69 (6th Cir. 2012).

**Krupski** supports that inadequate knowledge and lack of full information regarding a defendants' identity satisfies the mistake requirement for Rule 15(c)(1)(C). Here, plaintiff had inadequate knowledge of defendants' identities. It appears that plaintiff satisfies the mistake requirement. *See* **Solivan**, 897 F. Supp. 2d at 701-02; **Smetzer v. Newton**, 2010 WL 3219135 *9-10 (N.D. Ind. Aug. 13, 2010); **Borchers v. Franciscan Tertiary Province of Sacred Heart, Inc.**, 2011 IL App (2d) 101,257, 962 N.E.2d 29, 48-49 (2d Dist. 2011). *See also* **Draves v. Big Dutchman, Inc.**, 2012 WL 7984628 *4-5 (D. Idaho Nov. 8, 2012), *mag. j. report adopted*, 2013 WL 1715477 *5-6 (D. Idaho April 19, 2013). The issue of what constitutes a mistake, however, need not be conclusively decided. Even if the Amended Complaint does not relate back, equitable tolling would apply to the federal claims.

---

[3]Other Seventh Circuit cases cited in **Todd**, 2013 WL 2156470 at *4 n.5, are *dictum* or a concurrence, and none consider the impact of **Krupski**.

The parties agree that § 1983 incorporates the equitable tolling standards of Illinois law. *Wilson v. Garcia*, 471 U.S. 261, 269 (1985); *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). Therefore, the same equitable tolling principles apply to both the federal claims and the state law claim.

> The Illinois Supreme Court wrote in *Clay v. Kuhl*, 189 Ill. 2d 603, 614, 727 N.E.2d 217, 223 (2000), that "[e]quitable tolling of a statute of limitations may be appropriate if the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way, or if the plaintiff has mistakenly asserted his or her rights in the wrong forum." In *Fidelity National Title Insurance Co. of New York v. Howard Savings Bank*, 436 F.3d 836, 839 (7th Cir. 2006), Judge Posner noted that whether Illinois recognizes equitable tolling is still unresolved because the Illinois cases mentioning the term seem to mean equitable estoppel. However, Judge Posner guessed that Illinois would accept the "commonplace" and "sensible" tolling doctrine. *Fidelity*, 436 F.3d at 839.
> According to the Seventh Circuit, equitable tolling, unlike equitable estoppel, applies even when the defendant is faultless. *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996). Where the plaintiff cannot reasonably be expected to sue in time because of disability, irremediable lack of information, or other circumstances beyond his control, the statute of limitations will be tolled until he is able through the exercise of proper diligence to file his suit. *Miller*, 77 F.3d at 191. For example, equitable tolling postpones the deadline for

> suing if a plaintiff cannot discover his injurer's identity
> within the statutory period despite the exercise of reasonable
> diligence. *Fidelity*, 436 F.3d at 839.

*Griffin v. Willoughby*, 369 Ill. App. 3d 405, 867 N.E.2d 1007, 1016 (4th Dist. 2006). *See also Ralda-Sanden v. Sanden*, 2013 IL App (1st) 121,117, ___ N.E.2d ___, 2013 WL 1830402 *5 (April 30, 2013) (quoting *Thede v. Kapsas*, 386 Ill. App. 3d 396, 897 N.E.2d 345, 351 (3d Dist. 2008)) ("Extraordinary barriers include legal disability, an irredeemable lack of information, or situations where the plaintiff could not learn the identity of proper defendants through the exercise of due diligence."); *Kaufmann v. Jersey Cmty. Hosp.*, 396 Ill. App. 3d 729, 919 N.E.2d 1077, 1088 (4th Dist. 2009), *aff'd sub nom., Kaufmann v. Schroeder*, 241 Ill. 2d 194, 946 N.E.2d 345, 349 (2011).

Defendants do not contend that they were prejudiced in any way. Their sole basis for opposing the application of equitable tolling is that plaintiff did not proceed with reasonable diligence. As defendants correctly contend, lack of legal knowledge or resources or being incarcerated, standing alone, would not be a basis for applying equitable tolling. *See Aleman v. Dart*, 2010 WL 2731052 *4 (N.D. Ill. July 9, 2010); *Tate v. McCann*, 2010 WL 2557744 *7 (N.D. Ill. June 21, 2010). Similarly, mental illness, by itself, is not a basis for applying equitable

tolling absent it reaching the level of incapacity, that is, not being able to understand legal rights and act upon them. *Jackson v. Hardy*, 2013 WL 1385667 *3 (N.D. Ill. April 3, 2013). That does not mean, however, that the plaintiff's particular background and circumstances should not be considered in determining whether the plaintiff acted with reasonable diligence. It is an objective standard of reasonableness, but one based on the particular circumstances. *Nat'l Black Expo v. Clear Channel Broad., Inc.*, 2007 WL 495307 *4 (N.D. Ill. Feb. 8, 2007). If circumstances weighing in favor of equitable tolling are found, they must be balanced against any prejudice defendants suffered as a result of delay. *Savory v. Lyons*, 469 F.3d 667, 673-74 (7th Cir. 2006); *Mihelic v. Will Cnty., Ill.*, 826 F. Supp. 2d 1104, 1114 (N.D. Ill. 2011).

The facts before the court are that plaintiff has limited reading skills, including not fully comprehending the October 6, 2011 Order that was sent to him; he has limited understanding of legal procedures with only jailhouse lawyers to advise him during the pertinent time period; he was incarcerated during much of the pertinent time period; and he has significant psychological problems. In light of these circumstances, plaintiff acted with sufficient diligence. Immediately after

being released following the pertinent arrest, plaintiff contacted lawyers, but none would help him. He also promptly contacted the Police Department in an attempt to determine who arrested him, but was directed to the incorrect police station. There is no evidence that he was ever directed to the appropriate location for obtaining a copy of his arrest report. After being in prison a few months, plaintiff made a Freedom of Information Request. At that point, the time for filing his state law claim had already run, but he still had nearly a year left to bring federal claims. This time he received the report, but the arresting officers' names were redacted. At the same time he received an unredacted report regarding an unrelated arrest and promptly filed a lawsuit regarding that arrest. An unrepresented person, particularly one with plaintiff's background, would not be expected to understand that an undetailed reference to possible review meant he could still seek an unredacted version of the November 2009 arrest report. Eight months later, after receiving some advice from jailhouse lawyers, plaintiff filed the present lawsuit naming unknown officers. While the lawsuit could have been brought sooner, plaintiff had previously made attempts to discover who the officers were and he had only limited skills. More importantly, though, there was still time to name the correct defendants if a prompt response were to be received.

Nominal defendant, Superintendent McCarthy, however was not served until two months after the suit was filed, with little time left before the statute of limitations would expire. Prior to the due date for answering the complaint, counsel did provide plaintiff with the names of the officers. At that point, though, the statute of limitations had recently expired. By the time plaintiff named defendants in the Amended Complaint, it was less than three months after the expiration of the ordinary limitation period. In light of plaintiff's circumstances, the short time by which the deadline was missed, and the lack of any prejudice to defendants, plaintiff has made a sufficient showing of diligence. Equitable tolling will be applied to the federal claims. *Cf. Zarate v. City of Chicago*, 2011 WL 1979192 *2 (N.D. Ill. May 20, 2011). Equitable tolling will not be applied to the state law claim, which had already expired prior to pursuing the Freedom of Information Request and other action.

The parties shall promptly meet to discuss the possibility of settlement. Absent a settlement, a final pretrial order shall be filed by the date set forth below. The pretrial order should be filed electronically with a judge's copy being presented in court at the time of the hearing.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment [76] is granted in part and denied in part. The state law malicious prosecution claim is dismissed. In open court on September 5, 2013 at 2:00 p.m., the parties shall submit a judge's copy of a final pretrial order in full compliance with Local Rule 16.1 and Local Rule Form 16.1.1, including trial briefs, proposed voir dire questions, motions in limine with supporting briefs, and proposed jury instructions.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: JULY 18, 2013